UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:10-CR-28-KKC-EBA-1
CIVIL ACTION NO. 5:16-CV-187-KKC-EBA

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.           **MAGISTRATE JUDGE'S REPORT
              AND RECOMMENDATION**

MARK WALTON RUSH,                                                                     DEFENDANT.

## INTRODUCTION

Mark Walton Rush, hereinafter "Defendant," a federal prisoner currently incarcerated at United States Penitentiary, Beaumont, in Texas, is presently before this Court upon his *pro se* Motion to Vacate, Set Aside or Correct Sentence, hereinafter "Motion to Vacate," pursuant to 28 U.S.C. § 2255. [R. 61]. The matter is now ripe for decision, following the submission of Defendant's Supplemental Pleading, [R. 71], and the United States' Response, [R. 79]. This matter was referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, it is recommended that Defendant's Motion to Vacate, [R. 61; R. 71], be denied, and that this action be dismissed with prejudice and stricken from the docket.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

On May 3, 2010, Defendant entered a guilty plea, which included conspiracy to distribute oxycodone, possession of a firearm during the trafficking of oxycodone, and possession of a firearm as a convicted felon. [*See* R. 18; R. 33; R. 61; *Defendants' Presentence Report* at 1]. In so pleading, Defendant waived his rights to appeal and collaterally attack "the guilty plea, conviction, and sentence." [R. 33 at 5 ¶ 7]. Defendant's Sentencing Hearing was held on August 17, 2010, [R.

56]; at the time judgement was entered on August 19, 2010, Defendant was sentenced to a total of 300 months of imprisonment, to be followed by five (5) years of supervised release. [R. 57; *see also* R. 66].

June 9, 2016, Defendant filed this Motion to Vacate, wherein he attacks his sentence as having been wrongly imposed under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), under *Johnson v. United States*, 135 S.Ct. 2551 (2015). Defendant presents no other grounds for relief. Thus, Defendant's sole claim is based on the fact that "the Supreme Court recently held that the language in the residual clause of the Armed Career Criminal Act of 1984 . . . is facially void for vagueness." [R. 61-1 at 2]. As such, Defendant argues that, following *Johnson*, his prior convictions no longer qualify as predicate offenses under the residual clause, and, as they also do not satisfy the force clause, Defendant "no longer qualifies for the enhanced penalty under the ACCA." [*Id.* at 5]. Defendant's Supplemental Pleading asserts an identical argument. [R. 71 at 3 ("Following *Johnson*, [Defendant's] prior convictions do not qualify as predicate offenses, [t]hey do not satisfy the force clause and are not enumerated offenses, [t]hus, petitioner no longer qualifies for the enhanced penalty.")]. The United States' Response accurately notes that Defendant's argument is misplaced. [R. 79].

In opposition to Defendant, the United States "submits that [Defendant] was not sentenced under the 'residual clause' of the ACCA, and therefore is not entitled to habeas relief." [*Id.* at 3]. Further, because Defendant waived his right to collaterally attack his sentence as a part of his Plea Agreement, and Defendant does not challenge his Plea Agreement as involuntary or otherwise invalid, "this Court should enforce the waiver provision and find that [Defendant's] collateral attack on his sentence is barred." [*Id.* at 4]. By order of this Court, Defendant was directed to

2

submit a Reply to the United States' Response on or before Monday, November 20, 2017. [R. 84]. He did not. [R. 85; R. 86; R. 87].

## ANALYSIS OF DEFENDANT'S *JOHNSON* CLAIMS

Defendant brings his Motion to Vacate under 28 U.S.C. § 2255. Section 2255(a) provides that a prisoner in custody under a sentence of a United States Court may petition that court to amend his or her sentence upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court imposing the sentence lacked jurisdiction to do so, that the sentence is excessive, or that the sentence is otherwise subject to collateral attack. Such a defendant must sustain any allegation by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."); *see also Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). If alleging a constitutional error, such a defendant must show the error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Alternately, if alleging a non-constitutional error, such a defendant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Typically, a petitioner must file his or her Motion to Vacate under 28 U.S.C. § 2255 within one year of the date on which the judgment imposing the petitioner's sentence became final. 28 U.S.C. § 2255(f)(1). In certain cases, however, the applicable limitation period will not begin to run—or, will be reset—upon "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(4). The decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), presented exactly that scenario for all federal prisoners subject to an enhanced sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). *Welch v. United States*, 136 S.Ct. 1257 (2016).

"Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms." *Johnson*, 135 S.Ct. at 2555 (citing 18 U.S.C. § 922(g)). Federal law generally imposes a ten (10) year sentence as a result of the violation of that law. 18 U.S.C. § 924(a)(2). "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S.Ct. at 2555 (citing 18 U.S.C. § 924(e)(1)). The Armed Career Criminal Act defines a "violent felony" as:

> . . . any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B). The last, italicized phrase, known as the "residual clause," was struck down as unconstitutionally vague by *Johnson*. 135 S.Ct. at 2557 ("We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). It is under this clause, the residual clause, that Defendant claims he received his sentencing enhancement. If Defendant's sentencing enhancement was based

4

on the residual clause, then Defendant's Motion to Vacate must be granted under *Johnson*. *See, e.g.*, *Ginter v. United States*, 2017 WL 4570519 (6th Cir. June 12, 2017).

Although Defendant does not specifically list out his prior convictions on which his sentence was enhanced under the Armed Career Criminal Act, [*See generally* R. 61; R. 71], the Presentence Report prepared for purposes of Defendant's sentencing does, [*Defendants' Presentence Report* at 6 ¶ 32]. This Court analyzes those sentences in turn.

### I. Defendant's First Prior Violent Felony Conviction

Defendant challenges the court's use of his 1998 Florida conviction for Aggravated Battery with a Deadly Weapon Conviction for purposes of sentencing. "On August 13, 1998, during an argument, the defendant swung an aluminum baseball bat at the victim's head while yelling, 'I'm going to kill you.' The victim blocked the bat with his arm, sustaining an injury." [*Id.* at 9 ¶ 41]. The Florida statute defining battery at the time of Defendant's 1998 conviction provides: "The offense of battery occurs when a person: [] [a]ctually and intentionally *touches or strikes another person* against the will of the other; or [] [i]ntentionally causes bodily harm to another person." Fla. Stat. Ann. § 784.03 (West 2001) (emphasis added) (enacted by and largely unchanged from 1996 Fla. Sess. Law Serv. 96–392 (West)). The Florida statute defining aggravated battery at the time of Defendant's 1998 conviction provides: "A person commits aggravated battery who, in committing battery: [] [i]ntentionally or knowingly causes *great* bodily harm, permanent disability or permanent disfigurement; or [] [u]ses a deadly weapon." Fla. Stat. Ann. § 784.045 (West 1988) (emphasis added); *see also* 1988 Fla. Sess. Law Serv. 88–344 (West). Defendant's crime, as required by 18 U.S.C. § 924(e)(2), was punishable by imprisonment of more than one year. Fla. Stat. Ann. § 775.082 (West 2000) (enacted by 1997 Fla. Sess. Law. Serv. 97–239) (15 year maximum); Fla. Stat. Ann. § 775.083 (West 1997) (fines).

5

The 1998 Florida statutes define a battery as the intentional striking of another against the will of that other. *See, e.g.*, Fla. Stat. Ann. § 784.03 (West 2001). This crime falls within the definition of a crime of violence under the force clause of 18 U.S.C. § 924(e)(2)(B)(i), not the unconstitutional residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). For that reason, Defendant's 1998 Florida conviction for Aggravated Battery with a Deadly Weapon was properly considered by the court at sentencing. [R. 66; *Defendants' Presentence Report*]. *Johnson* did not change this result. *Johnson v. United States*, 135 S.Ct. 2551 (2015) (invalidating the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), but retaining the principal language).

## II. Defendant's Second Prior Violent Felony Conviction

Defendant also challenges his 2001 Florida conviction for Robbery. The Florida statute defining battery at the time of Defendant's 2001 conviction provides:

> "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the *use of force*, violence, assault, or putting in fear.

Fla. Stat. Ann. § 812.13 (West 1992) (emphasis added). In all cases, Florida law defined a robbery as a felony. *Id.* Defendant was sentenced to more than one year in prison. [*Defendants' Presentence Report* at 10 ¶ 43]. This is consistent with the statutory scheme in Florida, which generally required more than one year of prison for felony offenses at the time of Defendant's conviction. Fla. Stat. Ann. § 775.082 (West 2000) (enacted by 1997 Fla. Sess. Law. Serv. 97–239). This satisfies the 'imprisonment for more than one year' requirement of 18 U.S.C. § 924(e)(2)(B). Likewise, the Florida definition of robbery includes the language "use of force" italicized above, which matches the plain "use of physical force" language of 18 U.S.C. § 924(e)(2)(B)(i). For these reasons, Defendant's 2001 Florida conviction for Robbery was properly considered by the court at

6

sentencing under the force clause. *Johnson* did not change this result. *Johnson v. United States*, 135 S.Ct. 2551 (2015) (invalidating the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), but retaining the principal language).

### III. Defendant's Third Prior Violent Felony Conviction

Finally, Defendant challenges his 2004 Florida conviction for Aggravated Battery. "On June 10, 2004, the victim reported to a police officer that Rush, her then boyfriend, punched her face and stomach during an argument." [*Defendants' Presentence Report* at 11 ¶ 48]. This conviction, however, just as Defendant's 1998 Florida conviction for Aggravated Battery with a Deadly Weapon, falls under the force clause of 18 U.S.C. § 924(e)(2)(B)(i). The Florida statute defining battery at the time of Defendant's 2004 conviction provides: "The offense of battery occurs when a person: [] [a]ctually and intentionally touches or strikes another person against the will of the other; or [] [i]ntentionally causes bodily harm to another person." Fla. Stat. Ann. § 784.03 (West 2001). The Florida statute defining aggravated battery at the time of Defendant's 2004 conviction provides: "A person commits aggravated battery who, in committing battery: [] [i]ntentionally or knowingly causes *great* bodily harm, permanent disability or permanent disfigurement; or [] [u]ses a deadly weapon." Fla. Stat. Ann. § 784.045 (West 1988) (emphasis added); *see also* 1988 Fla. Sess. Law Serv. 88–344 (West). Just as for his 1998 conviction, Defendant's 2004 conviction, as required by 18 U.S.C. § 924(e)(2), was punishable by imprisonment of more than one year. Fla. Stat. Ann. § 775.082 (West 2002) (enacted by 2002 Fla. Sess. Law. Serv. 2002–211) (15 year maximum).

The 2004 Florida statutes define a battery as the intentional striking of another against the will of that other. *See, e.g.*, Fla. Stat. Ann. § 784.03 (West 2001). Just as Defendants 1998 conviction, Defendant's 2004 conviction falls within the definition of a crime of violence under

the force clause of 18 U.S.C. § 924(e)(2)(B)(i). Thus, Defendant's 2004 Florida conviction for Aggravated Battery was properly considered by the court at sentencing. [R. 66; *Defendants' Presentence Report*]. *Johnson* did not change this result. *Johnson v. United States*, 135 S.Ct. 2551 (2015) (invalidating the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), but retaining the principal language).

## ANALYSIS UNDER *BECKLES*

Defendant's Motion to Vacate was stayed pending *Beckles v. United States*, 137 S.Ct. 886 (2017). [R. 74; R. 75]. *Beckles*, however, provides no relief. *Beckles* heard a challenge to the residual clause of *United States Sentencing Guidelines*. *Compare Guidelines* § 2K2.1(a)(4)(A), *with* § 4B1.2(a) (together, requiring an increase in a defendant's base offense level for a prior conviction of a "crime of violence"). It was thought, by some, that Beckles would hold that *Johnson v. United States*, 135 S.Ct. 2551 (2015), applies to *Guidelines* § 4B1.2(a), thereby rendering the residual clause of that *Guideline* provision unconstitutional for the reasons elucidated in *Johnson*. *Beckles*, however, held the opposite. *Johnson* does not apply to the *Guidelines*. And, even if *Johnson* had so applied, *Beckles* would still afford Defendant no relief. This is because Defendant was sentenced under the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), not the residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). For all of these reasons, *Beckles v. United States*, 137 S.Ct. 886 (2017), affords Defendant no relief.

## CONCLUSION

Although it is the duty of this Court to review Defendant's *pro se* Motion to Vacate, according to "less stringent standards than formal pleadings drafted by lawyers," there is no question that Defendant has failed to state a basis on which his Motion to Vacate should be granted. Defendant has failed to show his sentence was improperly calculated under 18 U.S.C. § 924.

Defendant has likewise failed to support his allegation that his sentence was improperly enhanced under the Guidelines. Accordingly:

1. IT IS HEREBY ORDERED that Defendant's Presentence Investigation Report be filed in the Record under seal to the extent it is referenced in this Report and Recommendation;

2. IT IS FURTHER RECOMMENDED that Defendant's Motion to Vacate, [R. 254], be DENIED and that this action be dismissed with prejudice and stricken from the docket.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 3rd day of January 2018.

Signed By:
Edward B. Atkins   *EBA*
United States Magistrate Judge