**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:10-CR-028-KKC-EBA-1** |
| | **CIVIL NO. 5:16-CV-187-KKC-EBA** |
| **Plaintiff,** | |
| **V.** | **OPINION and ORDER** |
| **MARK WALTON RUSH,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on Mark Walton Rush's motion for compassionate release. (R. 95.) For the following reasons, Rush's motion is denied.

On May 3, 2010, Rush pled guilty to conspiracy to distribute oxycodone, possession of a firearm during the trafficking of oxycodone, and possession of a firearm by a convicted felon. (R. 34.) Rush was later sentenced to 300 months imprisonment. (R. 57.) On January 3, 2018 Magistrate Judge Edward B. Atkins denied Rush's motion to vacate under 28 U.S.C. § 2255, which was later adopted by this Court. (R. 88, 90.) According to the Bureau of Prisons ("BOP"), Rush is to be released in early 2032. (R. 95 at 6; R. 100 at 3.) On June 22, 2026, Rush, by way of counsel, filed the present motion pursuant to 18 U.S.C. § 3582(c)(1)(A), asking for his sentence to be reduced to time served. (R. 95 at 1.)

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Under that statute, either the Director of the Bureau of Prison or the defendant may move for a reduction in a defendant's term of imprisonment. A defendant may make his own motion for compassionate release only "after the defendant has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. Here, the government acknowledges that Rush has met the mandatory condition. (R. 100 at 4.) Accordingly, the Court may consider this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of § 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." However, the Sentencing Guidelines sets forth various circumstances that are "extraordinary and compelling." U.S.S.G. 1B1.13(b). Among those circumstances are the "Medical Circumstances of the Defendant."  U.S.S.G. 1B1.13(b)(1). The medical circumstances include a) terminal illness; b) a medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; c) a condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" and d) "an ongoing outbreak of infectious disease" or "an ongoing public health

2

emergency" when the defendant is an increased risk of suffering medical complications or death because of the disease or emergency.

Rush asserts that he has a confirmed diagnosis of basal cell carcinoma and a suspected diagnosis of metastatic keratinizing squamous cell carcinoma, and that the environment of a correctional facility is fundamentally ill-equipped to handle the complex, sterile, and rigorous demands of oncology treatment. (R. 95 at ¶¶ 33, 35.) Due to the alleged lack of proper treatment, Rush argues that his medical condition provides extraordinary and compelling reasons to grant him compassionate release. (*Id.* at ¶ 36.)

While Rush's medical condition is undoubtedly serious, he has not provided sufficient evidence that he is unable to provide self-care or that he is not expected to recover from his condition. *See* U.S.S.G. 1B1.13(b)(1). There is no doubt that taking care of oneself while suffering from a serious medical condition is difficult. However, the evidence reflects that Rush has been dealing with this condition since at least 2022 and has received medical treatment for this issue on numerous occasions. Although Rush is unhappy with the quality and consistency of care, this does not prove that his ability to provide self-care is substantially diminished, nor does it prove his condition is terminal. At most, Rush can only speculate as to the graveness of his "suspected diagnosis." (R. 95 at ¶ 33.) To better alleviate the issue, Rush should persistently seek administrative remedies to address his healthcare needs. Accordingly, the Court does not find that Rush has presented extraordinary and compelling circumstances.

But even if the Court could make such a finding, it must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). These factors include:

3

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>    (B) to afford adequate deterrence to criminal conduct;

>    (C) to protect the public from further crimes of the defendant; and

>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available; . . .

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court considered these factors at Rush's sentencing and will consider them again for this motion. Rush was convicted for conspiracy to distribute oxycodone, possession of a firearm during the trafficking of oxycodone, and possession of a firearm by a convicted felon. (R. 34, 57.) These are serious crimes. The crimes for which Rush is currently incarcerated followed an extensive criminal history, which is evidenced by him being sentenced as an armed career criminal. (R. 95 at 1.) His 300-month sentence is also reflective of the seriousness of the crime and the need to afford adequate deterrence.

While the Court commends Rush for his positive record while in prison, the Court cannot find that Rush's immediate release is appropriate given the nature and circumstances of his underlying drug and firearm offenses, his extensive violent criminal history, the need

4

for his sentence to reflect the seriousness of his offenses, to promote respect for the law, and to provide just punishment for his offenses. *See* § 3553(a).

For all these reasons, the Court HEREBY ORDERS that Rush's motion for compassionate release (R. 95) is DENIED.

This 2nd day of July, 2026.

Signed By:

*Karen K. Caldwell*

**United States District Judge**

5